UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY McCORMICK, ET UX.** | : | **CIVIL ACTION NO. 21-cv-01845** |
| **VERSUS** | : | |
| | | **JUDGE JAMES D. CAIN, JR.** |
| **THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, ET AL.** | : | |
| | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Currently before the court is a Motion to Remand filed by plaintiffs. Doc. 15. The motion is opposed by defendant and plaintiffs have replied. Docs. 19, 20. The matter is now ripe for disposition.

**I.**
**BACKGROUND**

Plaintiffs Terry McCormick and Beverly McCormick ("the McCormicks"), both residents of Calcasieu Parish, Louisiana, filed suit in Calcasieu Parish, Louisiana, naming as defendants The Terminix International Company Limited Partnership, Terminix International, Inc., (hereafter "Terminix"), and Ronald Girouard, a "certified licensed pest control operator" and resident of St. Martin Parish, Louisiana. Doc. 1, att. 6, p. 5. Plaintiffs assert causes of action against all defendants generally for breach of contract regarding a "Termite Protection Plan" they bought from Terminix, for fraud, fraud in the inducement of contract, misrepresentation, gross negligence, reckless misconduct, and negligence. *Id.*, pp. 14-23.

With respect to defendant Girouard, plaintiffs provide no facts to explain who this person is or what is his relationship to Terminix, if any. They simply allege he is personally liable for the

wrongs alleged under the contract duties, that he "attempted to cloak and did not disclose his day to day involvement and management of Defendants," (although they provide zero information as to why this defendant would be in a position to cloak anything or how he would have any duty to disclose anything), and that he directly participated in the causes of action alleged against Terminix. *Id.* pp. 23-24.

Terminix timely removed. Doc. 1. In its notice it alleges this court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as its citizenship is diverse from that of plaintiffs. It further alleges that we should not consider the citizenship of Girouard due to improper joinder. *Id.* pp. 1-2. Terminix refers to the boilerplate allegations made against Girouard in plaintiffs' complaint and maintains those allegations are "plainly deficient for joinder purposes." *Id.* p. 7.

In support of their motion to remand, plaintiffs claim their petition "clearly states numerous valid causes of action" against Girouard requiring remand. Doc. 15, att. 1, p. 1. In support, plaintiffs basically restate what they alleged in their petition. *Id.* at pp. 2-3. Their memorandum supplies no more context as to who Girouard is or what is his relationship to Terminix – it simply repeatedly states a proper cause of action has been alleged. Plaintiffs argue as follows:

> As alleged in the Petition, Mr. Girouard was directly involved in failing to disclose his (and others') repeated and ongoing improper treatment and inspection of the home. Construing these allegations broadly and accepting them as true, the Petition clearly alleges that Mr. Girouard personally participated in these actions for which he is personally responsible under *Canter* [*v.Koehring Co.*, 283 So.2d 716, 722 (La. 1973)] . . .

*Id.* at p. 8. But neither in the complaint nor their memorandum in support of remand do they explain who Girouard is, what is his relationship to Terminix, what duties or obligations he owed to the plaintiffs and why, and what exactly he did or did not do to run afoul of any obligations he owed.

Similarly, and in opposition to the motion, defendant reiterates the points made in its Notice of Removal which, stated simply, notes that the that allegations made against Girouard are conclusory which we need not accept as true and which we are not bound to accept to determine whether an actual claim has been made. Doc. 19, p. 2 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

It is not until plaintiffs' response to the opposition that we obtain any inkling of who Girouard is or how he might somehow be related to Terminix or the contract between Terminix, and even that is not at all illuminating. Plaintiffs attach an Exhibit 3 to their response which, they state, is "a redacted excerpt of the listing of structural pest control licenses issued by the [Structural Pest Control] Commission, which identify the primary name of each licensee, including Mr. Girouard for Terminix." Doc. 20, p. 9. The attached exhibit is pages 1 and 9 of a 10 page spreadsheet originating from nowhere discernable from the exhibit that lists "Ronald Girouard" as "Primary Name" for "TERMINIX INTERNATIONAL CO LP THE – LC (2652)" and lists an address in Lake Charles, Louisiana. Doc. 20, att. 3.

## II.
## LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally

proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996).

A court may disregard a non-diverse party's citizenship for purposes of determining subject matter jurisdiction if the party was improperly joined. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Id.* at 574. Only the latter method is relevant here because defendants did not allege actual fraud. Thus, the relevant question is whether defendants have shown that there is no reasonable possibility of recovery against the non-diverse defendant in state court. *Id*. Under this test, the court looks to whether there is "a reasonable basis" for predicting that the plaintiff can recover on any of his claims against the non-diverse defendant. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added). The possibility of liability must be "reasonable, not merely theoretical." *Id.* The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem*. Co., 491 F.3d 278, 281-82 (5th. Cir. 2007).

To determine whether the defendant has demonstrated whether plaintiffs have "no possibility of recovery" against the diversity-destroying defendant, the court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. When conducting a Rule 12(b)(6) analysis, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id*. (citing *Twombly*, 127 S.Ct. 1955).

In the improper joinder context, however, the scope of the inquiry may sometimes be broader than that of a 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). While a traditional 12(b)(6) analysis looks only to the complaint, in the improper joinder inquiry, where a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings" and also consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Smallwood*, 385 F.3d at 573; *Campbell,* 509 F.3d at 669. In doing so, the court must consider all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Travis*, 326 F.3d at 649. Any contested issues of fact or ambiguities of state law must be resolved in favor of the plaintiff. *Id*.

Plaintiffs have failed to state any facts at all that would establish a cause of action against defendant Girouard. Nowhere, do they state how or in what capacity Girouard is related to Terminix. Nowhere, do they give a single fact that might indicate Girouard somehow had some

connection to the contract at issue. Nothing. Accordingly there is no reasonable basis to predict that plaintiffs would be able to recover against Girouard. Because the remaining Terminix defendants are diverse, this court has proper jurisdiction under 28 U.S.C. § 1332.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 15] be **DENIED** and that non-diverse defendant **RONALD GIROUARD** be dismissed from this action without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 2nd day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE