UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRY MCCORMICK ET AL** : **CASE NO. 2:21-CV-01845**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**TERMINIX INTERNATIONAL CO. ET AL.** : **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is a Motion to Strike Objections and Compel Discovery, filed by Plaintiff Beverly S. McCormick [doc. 53], seeking to have defendants Terminix International Co, L.P., and Terminix International, Inc. (collectively, "Terminix") fully respond to Plaintiffs' First Interrogatories and Requests for Production. Terminix oppose the motion [doc. 55], and Plaintiff has replied [doc. 56], making the motion ripe for resolution. The undersigned conducted a hearing on the motion on October 16, 2024. Having considered the applicable law, the parties' written submissions, and arguments made at hearing, and for the reasons stated on the record of the hearing,

**IT IS HEREBY ORDERED** that the Motion to Strike Objections and Compel Discovery [doc. 53] is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT**, all as follows:

The Motion to Compel is **GRANTED IN PART** as to Request for Production No. 4, which requests that Terminix "[p]roduce the personnel file for each person identified in response to [Plaintiff's] Interrogatories." Doc. 53, att. 4, p. 17. Plaintiff seeks the entire personnel file of approximately 26-28 individuals identified in responses to discovery requests. "To obtain non-

1

party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue." *Summers v. Louisiana*, No. CV 20-21-JWD-SDJ, 2021 WL 4392309, at *3 (M.D. La. Sept. 24, 2021) (quoting *Clemons v. Dollar General Corp.*, No. 09-64, 2010 WL 1994809, at *5 (N.D. Miss. May 18, 2020)). Plaintiff has demonstrated the relevance of *portions* of the personnel files of the individuals identified, arguing that materials reflecting credentialling, certifications, qualifications, training, education, job history, and branch locations served would be relevant to Plaintiff's allegations of inadequate training and also to inform decisions as to which individuals should be deposed. It would not, however, be appropriate to order discovery of the entire personnel file for each individual because Plaintiff has not demonstrated the relevance of those portions of the personnel files pertaining to non-relevant matters such as leave records or family or medical history. Accordingly,

**IT IS ORDERED** that Terminix produce all documents contained within the personnel files of all individuals identified by Terminix in response to Plaintiff's First Interrogatories that pertain to the training, qualifications, education, job history, and any branches of Terminix to which those individuals have been assigned, as well as to any discipline, corrective action, or relevant notices or memoranda, related to each such person's failure to provide termite control services in conformity with company policies, for the period running from the date the McCormicks acquired the home in 2006, through end of calendar year 2021. This production must be made by November 6, 2024.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to Request for Production No. 11, which requests that Terminix produce all documents reflecting or relating to audits or investigations regarding Terminix's purchase and/or use of termiticides. Terminix's objections are well founded based on the information provided at hearing as to the undue burden involved in

obtaining those records. Terminix explained that records of any such investigations would be stored in the pertinent customer's file, and to locate them, Terminix would be required to manually review hundreds of files, which are stored in hard copy format and organized by customer. Terminix also explained that it produced a subset of its customer files to allow Plaintiff to obtain the type of information sought by this request. The Court discussed with the parties the possibility that a differently worded request might yield probative information without creating a similar burden, and this Order is issued without prejudice to Plaintiff's right to make any such alternative request for information. Moreover, the Court suggested the information Plaintiff seeks through this request may be more readily obtainable by less onerous alternative means (e.g., a subpoena to the appropriate investigating/auditing agency). Therefore, Terminix's objections to Request for Production No. 11 are sustained, and the motion is **DENIED** as to this request.

The parties informed the Court at the hearing that they have resolved the remaining disputed requests. Accordingly, the Motion to Strike Objections and Compel Discovery is otherwise **DENIED AS MOOT** without prejudice to Plaintiff's right to re-urge any such requests if the need arises.

**THUS DONE AND SIGNED** in chambers this 16th day of October, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**