UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRY MCCORMICK ET AL** | **CASE NO.  2:21-CV-01845** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TERMINIX INTERNATIONAL CO. ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 62] filed by defendants Terminix International Co. LP and TMX Holdco Inc., formerly known as Terminix International Inc. (collectively, "Terminix"). Plaintiff Beverly McCormick opposes the motion. Doc. 65.

### I.
### BACKGROUND

This suit arises from a termite infestation of plaintiffs' home in Lake Charles, Louisiana. Doc. 1, att. 6. Plaintiffs Beverly and Terry McCormick alleged as follows: On April 21, 2005, Terminix performed a Wood Destroying Insect Report ("WDIR") for plaintiffs' consideration in deciding whether to purchase the residence located at 1214 Baywood Court. *Id.* at ¶ 13. In reliance on the WDIR, plaintiffs purchased the home and entered into a contract with Terminix on June 6, 2006, for structural termite control services. *Id.* at ¶ 14. Terminix held the termite bond on plaintiffs' home prior to their purchase, since 1999, and maintained it through 2021. *Id.* at ¶ 15. Pursuant to the 2006 contract, Terminix agreed to (1) provide a chemical barrier termite treatment along with annual inspections of the property and to re-treat the property when necessary; (2) to

provide the home with termite protection treatment services in compliance with applicable Louisiana laws, rules, and regulations; and (3) in the event of termite damage occurring during the contract term, to arrange for necessary repairs or replacement and pay the entire cost of labor and materials. *Id.* at ¶ 16.

Plaintiffs further alleged that Terminix failed to properly conduct annual inspections until May 7, 2020, when plaintiffs awoke to a massive, swarming termite infestation. *Id.* at ¶¶ 20–22. In response Terminix briefly inspected the home five days later and applied a spot treatment, which did not provide complete structural protection. *Id.* at ¶¶ 24–25. Terminix has also refused to provide repairs, forcing plaintiffs to incur out of pocket costs and to live in a home that is significantly damaged and structurally compromised by a subterranean termite infestation. *Id.* at ¶ 55.

Based on these allegations, plaintiffs raised several claims against Terminix and pest control operator Ronald Girouard in a petition filed in state court on May 5, 2021. Terminix removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and all claims against Mr. Girouard were dismissed without prejudice on Terminix's motion. Docs. 1, 26. Plaintiff Terry McCormick passed away some time thereafter and the action is now maintained by Beverly McCormick individually and as executrix of his succession. *See* docs. 38, 43. The matter is set for jury trial before the undersigned on April 7, 2025. Doc. 47.

Terminix now brings this Motion in Limine, seeking to exclude evidence or argument relating to the following: (1) undisclosed expert opinions, (2) an untimely damages report produced by plaintiff's expert; (3) a "pattern or practice" of fraud by

Terminix; (4) that Terminix is an insurer of plaintiff's property or is liable for bad faith; (5) that plaintiff Terry McCormick passed away during the pendency of this lawsuit; (6) any witness statements that Terminix acted negligently, intentionally, or wantonly; (7) Golden Rule arguments; (8) any party's financial status or wealth; (9) the size, location, specialization, number, or location of Terminix counsel; (10) any claims not raised in the complaint; (11) evidence in the form of testimony from unidentified witnesses or unlisted exhibits. Plaintiff opposes the motion in several respects. Doc. 65.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be

deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Undisclosed expert opinions

Terminix first seeks to exclude undisclosed expert opinions—namely relating to any undisclosed opinions on the necessity, scope, and cost of repairs from plaintiff's construction expert, John Fitzgerald, as well as any opinions from plaintiff that might veer into an expert's domain. In response plaintiff confirms that the testimony of her expert witnesses will be limited to the opinions provided in her report. Accordingly, the motion is **GRANTED** in this regard. As for opinions by plaintiff herself, this request is too abstract for the court to issue a preliminary ruling and is therefore **DENIED** as premature.

#### 2. Untimely damages opinion

The scheduling order in this matter set plaintiff's expert report deadline for December 9, 2024. Doc. 47. Terminix states that plaintiff disclosed a report from construction expert John Fitzgerald on July 17, 2023, valuing the cost of repairs at $218,897.93, and that she did not disclose any new experts or supplement her previous disclosures by the deadline. Instead, on December 23, 2024, plaintiff produced a new report from Mr. Fitzgerald now valuing the cost of repairs at $250,764.37. Doc. 63. Plaintiff

provided no explanation for this tardy disclosure and only defends it now as a "supplement." Doc. 65. But the scheduling order provides:

> Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before December 9, 2024 (120 days before trial). Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than December 23, 2024 (105 days before trial). **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**

Doc. 47, p. 2 (emphasis in original). Plaintiff failed to seek leave of court and certainly fails to show good cause for her delay. "The failure to meet a court-ordered deadline for supplementing an expert report is no trifling matter" and should only be excused if it was substantially justified or harmless.[1] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) (citing *Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996)). The court can find no justification for the delay when the supplement appears to be based on mere updates to pricing—information available within plaintiff's expert report deadline. Additionally, the failure was not harmless because it prevented defendant from timely allowing its experts to rebut the new pricing. The motion will thus be **GRANTED** in this regard.

---

[1] Considering untimely expert disclosures in general, courts in this circuit look to: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Plaintiff has offered no explanation. The supplement only serves to increase the damage estimate by about 15 percent is of minimal importance; plaintiff can still rely on Fitzgerald's timely report. On the other hand, defendant has lost the ability rebut the report. A continuance is not available, as defendant seems to oppose it and the court is loath at any rate to grant one in this long-pending matter solely to excuse plaintiff's untimely supplement. On balance, these factors also favor exclusion.

### 3. Pattern or practice of fraud

Terminix requests that the court exclude evidence or argument indicating that it engaged in a pattern or practice of fraud. It notes that plaintiff has sought discovery on treatments of other properties and maintains that

> none of this evidence bears a sufficient similarity to prove her claims in this case and instead is only likely to lead to incredible inefficiency, as it will unnecessarily lead to trials-within-trials; confuse the issues before the jury; and unduly prejudice Terminix in light of its probative value, casting Terminix as a bad company that simply deserves punishing.

Doc. 62, att. 1, p. 4. Plaintiff asserts that it has sufficient evidence relevant to the alleged fraud Terminix committed by failing to properly treat the McCormicks' home. The court cannot make a ruling on the admissibility of this evidence in the abstract. Accordingly, the motion is **DENIED** in this regard, without prejudice to Terminix's right to argue for exclusion on the same basis at trial.

### 4. Bad faith

Terminix next argues that plaintiff should be barred from arguing that it is liable for bad faith penalties as an insurer under Louisiana law. Plaintiff states that she will instead argue that Terminix is liable for bad faith breach of contract. The court agrees that there is no basis for holding Terminix liable under the penalty statutes applicable to insurers and thus **GRANTS** the motion in this regard.

### 5. Death of Mr. McCormick

Terminix argues that plaintiff should be limited to just one reference to the death of her husband during the pendency of this lawsuit, because "anything beyond a single, straightforward reference" to his absence from the case will arouse juror sympathy and

create unfair prejudice. Plaintiff notes that she is seeking to recover for mental anguish based on her claims, and that the ordeal's impact at the same time her husband was dealing with terminal cancer is relevant to her damages. The court acknowledges the possibility of unfair prejudice, particularly as it remains to be seen whether plaintiff may recover mental anguish damages if they do not prevail on their tort claims. *See Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 203 (La. 2008) (acknowledging limited availability of mental anguish damages in breach of contract cases). Proper jury instructions can mitigate this danger, however, and the circumstances of the McCormick household at the time of the infestation and its aftermath may prove highly relevant to their damages. Accordingly, the motion is **DENIED** in this regard.

6. **Conclusory statements on Terminix's conduct**

Terminix next asserts that plaintiff should be prohibited from eliciting conclusory statements from her experts describing Terminix's actions as negligent, intentional, or wanton. Plaintiff objects that the motion is premature, stating that there is no indication at this time that her experts will make any such statement. The court agrees that such statements are improper to the extent that they are "conclusory," but any prohibition at this stage may invite unnecessary argumentation on whether an expert has crossed the line. The motion is **DENIED** in this respect, though both sides are reminded of the proper role of opinion testimony. *See Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[An expert's] opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.").

7. **Golden Rule arguments**

Terminix asks the court to exclude Golden Rule arguments or commentary. Plaintiff does not oppose this request and asks that the court extend it to Terminix as well. The motion is **GRANTED** in this regard and the prohibition applies to both sides.

8. **Evidence regarding financial status or wealth**

Terminix also asks that the court exclude any reference or comment concerning the financial size, net worth, condition, or status of any party in the presence of the jury. Plaintiff again states that she has no opposition, and requests that the court extend any ruling to Terminix and its counsel as well. The motion is therefore **GRANTED** in this regard and the prohibition applies to both sides.

9. **References to Terminix's counsel**

Terminix requests that the court prohibit references to the size, location, specialization, number, or location of Terminix's counsel. Plaintiff does not oppose the motion and requests that the court extend any ruling to Terminix and its counsel. The motion is therefore **GRANTED** in this regard and applies to both sides.

10. **Evidence or testimony relating to claims not raised in the complaint**

Terminix argues that admission of any evidence or testimony relating to claims not raised in the operative complaint would be manifestly unjust and prejudicial. Plaintiff does not oppose the motion but notes that Federal Rule of Civil Procedure 15(b)(1) permits the amendment of the complaint to conform to the evidence at trial, in the event Terminix's defense introduces new issues to the suit. The motion is therefore **GRANTED** in this regard.

**11. Unlisted exhibits or testimony from unidentified witnesses**

Terminix also requests that the court prohibit any evidence or testimony from undisclosed exhibits or witnesses. As plaintiff notes, the parties have not yet exchanged the pretrial statements that will identify trial witnesses and exhibits. Accordingly, the motion is **GRANTED** insofar as evidence or testimony is limited to the witness lists and exhibit lists in the pretrial statement, as set forth in the undersigned's scheduling order.[2] *See* doc. 47.

### III.
### CONCLUSION

The Motion in Limine [doc. 62] is therefore **GRANTED IN PART** and **DENIED IN PART** as described above.

**THUS DONE AND SIGNED** in Chambers on the 28th day of February, 2025.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[2] The Scheduling Order provides that impeachment witnesses need not be identified on the witness list, and that "[e]xhibits not listed will be excluded from trial absent good cause shown and lack of prejudice to opposing parties." Doc. 47, p. 3.